**Michael Ioane, 64460-097**
**CI Taft/Camp**
**P.O. Box 7001**
**Taft, CA 93268**
**Defendant-Petitioner**
**(IN PRO SE)**

FILED
DEC 10 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>*v.*<br><br>MICHAEL IOANE,<br>Defendant-Petitioner. | **Civil: ____________________**<br>**Criminal No. 1:09-cr-00142-LJO**<br><br>**DEFENDANT IOANE'S NOTICE OF MOTION AND MOTION FOR BAIL PENDING §2255**<br><br>**Date: TBD**<br>**Time: TBD** |

Please take notice that on a date and time determined by the Court, Petitioner Michael Ioane hereby moves the Court for an order of bail pending the outcome of his §2255 Motion to Vacate and Set Aside his Sentence pursuant to Federal Rule of Appellate Procedure 23.

This motion is based on the instant motion, the attached memorandum in support, exhibits, the record in this case, Petitioner's memorandum in support of his § 2255 motion, and on any other evidence or argument presented before or at the hearing(s) of this case. This motion does not require an evidentiary hearing.

Respectfully submitted this 10th day of December 2014,

By: [signature]
Michael Ioane, Pro-Se

**CERTIFICATE OF SERVICE**

**I, HEREBY CERTIFY that, I have personally hand delivered a true and correct copy of the foregoing document on December 10, 2014 to**

U.S. DEPARTMENT OF JUSTICE

2500 TULARE STREET, SUITE 4401

FRESNO, CA 93721

**DATED: December 10, 2014**

**By:** ______________________
**SHELLY OLSON**

**Michael Ioane, 64460-097**
**CI Taft/Camp**
**P.O. Box 7001**
**Taft, CA 93268**
**Defendant-Petitioner**
**(IN PRO SE)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff,<br><br>*v.*<br><br>MICHAEL IOANE, Defendant-Petitioner. | **Civil No. ________________**<br>**Criminal No. 1:09-cr-00142-LJO**<br><br>**DEFENDANT IOANE'S MEMORANDUM IN SUPPORT OF MOTION FOR BAIL PURSUANT TO §3143(b) PENDING OUTCOME OF §2255** |

## I. INTRODUCTION

In October 2011, Petitioner Michael Ioane was sentenced to 108 months imprisonment after being found guilty of Counts one, five, six, seven and eight of a criminal indictment against him and two other codefendants. Petitioner's Sixth Amendment right to effective assistance of counsel was greatly compromised by at least twelve constitutional errors made by trial counsel, Anthony Capozzi, along with ineffective assistance by appellate counsel, John Balazs, which resulted in great prejudice to Petitioner. Counsel's deficient performance is of such serious nature that it not only raises substantial questions of law or fact, but also represents an exceptional set of circumstances that warrants release on bond. There is a high probability that Petitioner will prevail on many, if not all, of his arguments under review, and therefore he is being irreparably harmed by already serving more time in incarceration than any other possible

outcome, regardless of whether dismissals or a reduced sentence is imposed as an result of his §2255.

At the time of Petitioner's sentencing, he was released on bond, and being supervised by pretrial services. At no time during his pretrial services supervision, or after his post-sentencing bond period, was Petitioner ever arrested, found to be positive for illegal/prohibited substances, reported as a threat to the community, or attempt to leave the jurisdiction, or found to be a flight risk. Petitioner represents no threat to any individuals or the community at large, nor does he represent a flight risk as seen by his previous experience on bond and his current classification by the Federal Bureau of Prisons as "out custody" in a prison camp that does not have a fence. Furthermore, Petitioner has an immaculate prison behavior record, free from incident reports or disciplinary actions. Considering the substantial questions raised in the § 2255 motion, combined with his outstanding prison record, prior bond period absent of any abhorrent behavior[1], and the amount of time already served, this Court should allow Petitioner to be released on bail pending resolution of his § 2255 motion.

## II. <u>DISCUSSION</u>

### A. Standard of Review

Federal Rule of Appellate Procedure 23, not the Bail Reform Act, governs the issue of release of a state or federal prisoner who is collaterally attacking his criminal conviction. *U.S. v. Mett*, 41 F. 3d 1281, 1282 (9th Cir. 1994). This Court has the authority to grant bail within the context of post-conviction relief in "extraordinary cases involving special circumstances or a high probability of success". *Id.* (*quoting Land v. Deeds*, 878 F. 2d 318 (9th Cir. 1989)). Extraordinary cases involve "circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice". *Aronson v. May*, 85 S. Ct. 3, 5 (1964).

[1] This Court did find that Petitioner had violated two conditions during his previous release on bond; which Petitioner vehemently denies. See **<u>EXHIBIT A</u>**, Petitioner's Writ of Habeas Corpus.

Although 18 U.S.C. § 3143(b) is not applicable, courts have still held that a petitioner must also satisfy the required elements for a motion for bail on direct appeal, which include the following:

> (1) clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released, and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*See Marino v. Vasquez*, 812 F.2d 499, 508-09 (9th Cir. 1987); *United States v. Enigwe*, 1994 U.S. Dist. LEXIS 17618 (E.D. Pa. Dec. 6, 1994); *Roberson v. Copenhaven*, 2013 U.S. Dist. LEXIS 169449 (E.D. Cal. Nov. 22, 2013).

**C. This Court should order Petitioner's release as he meets all required elements of § 3143 (b) and the higher standard for bail in collateral proceedings**

1) <u>Petitioner is not likely to flee</u>

Petitioner is obviously not seen as a flight risk because he is currently classified by the Federal Bureau of Prisons as "out custody" and is housed at a federal prison camp in Taft, California, which does not have a fence around its perimeter. Furthermore, Petitioner has been on pretrial supervision twice prior to this request and has not once attempted to flee the jurisdiction of the Court. Petitioner would also be highly unlikely to flee because he has strong family ties with his wife and children, along with being well-rooted in his community. Therefore, Petitioner has met this first required element because his previous conduct on bail under pretrial services and his prison record both confirm that he is not likely to flee if released on bail pending resolution of his § 2255 motion.

2) <u>Petitioner is not a danger to the safety of any individual or the community</u>

Petitioner was convicted of nonviolent, white-collar tax crimes. Furthermore, Petitioner has absolutely no history of violence and has not been in a single physical altercation in federal

custody in over twenty-four) months of incarceration. Petitioner's past experience on bail under supervision also demonstrates that he poses no harm to the community or others.

In addition to not being a physical threat, Petitioner is also not a financial threat to the community if released on bond. Petitioner stipulates, for the purpose of this motion, that during any bond period pending the result of his §2255 motion that he will not work under the employment of, or consult for, any firm that advises individuals on asset management, tax preparation, corporate/trust formation, or any similar services. In fact, Petitioner has secured a potential salaried position in an unrelated industry, and the job offer is attached as **EXHIBIT B**. Therefore, Petitioner has met this required element because he poses no physical or financial threat to any individual or to the community.

3) Petitioner is not attempting to delay the Court or any other proceeding

Petitioner would actually be more effective in proceeding with this criminal case, and all related legal actions, should this bail request be granted because he is currently pro se and has problems with gaining proper access to legal resources because of his incarceration, which has made it unreasonably difficult to answer the various courts in a timely and informed fashion. Petitioner would rather have proceedings speed up, not slow down. This motion for bail is most definitely not for the purpose of delay; therefore, the third element under § 3143(b) is satisfied.

4) Petitioner raises substantial questions of law or fact in his §2255 motion, which have a high probability of success

The fourth element of § 3143(b) requires movant to raise "substantial issue of law or fact", and the additional standard for collateral proceedings requires that the claims have a "high probability of success". *Mett*, 41 F. 3d at 1282. The constitutional violations that occurred by way of ineffective assistance of counsel are facially obvious in Petitioner's § 2255 motion and are summarized as follows:

a) Counsel failed to research applicable case law regarding the Speedy Trial Act and therefore was ineffective in presenting his motion to dismiss on Speedy Trial grounds. Counsel failed to conduct the required analysis of the speedy trial issue under *Barker v. Wingo,*

407 U.S. 514 (1971), and object to delays for the purpose of codefendant Booth's plea negotiations with the government, which is improper under *U.S. v. Hall*, 181 F. 3d 1057 (9th Cir. 1999).

b) Counsel failed to move to dismiss count one of the indictment as being invalid on its face because it did not include an essential element of a violation under 18 U.S.C. § 371. If Counsel had sufficiently reviewed the indictment, he would have discovered that the indictment failed to include the "deceitful or dishonest means" element, which would have led to a dismissal of the indictment, as required under *U.S. v. Caldwell*, 989 F. 2d 1056 (9th Cir. 1993).

c) Counsel failed to raise a clearly meritorious argument in Petitioner's Rule 29 Motion that the Bills of Exchange at issue did not hold themselves out as sufficiently credible to trigger liability under 18 U.S.C. § 514. If Counsel had performed a minimal amount of research, he would have recognized the controlling precedent of *Howick*, which clearly shows that the Bills of Exchange do not meet the definition of a "fictitious obligation" because their nonexistence is not "presumably unknown by, and not revealed to, the intended recipient of the document", or in other words, they did not have the "capacity to deceive". *United States v. Howick*, 263 F. 3d 1056, 1066 (9th Cir. 2001); *United States v. Salman*, 531 F.3d 1007, 1012-13 (9th Cir. 2008).

d) Counsel failed to object to erroneously given *Pinkerton* jury instructions, which allowed the jury to convict Petitioner of conspiracy based on a legally inadequate theory. The government and Ninth Circuit Court have already conceded that the instruction was improper; however, under the strenuous plain error test, the error did not warrant reversal on appeal. Counsel's failure to recognize and object to the erroneous jury instruction caused prejudice because it denied Petitioner a fair trial and prevented the issue from being preserved for appeal.

e) Counsel failed to request jury instructions clarifying the "false and fictitious financial obligation" element of 18 U.S.C. § 514. In order to properly define the elements of a § 514 charge, Counsel should have requested an instruction on the controlling precedent of *Howick* because the Bills of Exchange in this case did not "credibly hold [themselves] out as

negotiable instruments", particularly not to the Department of Treasury/IRS, as the "intended recipient of the document[s]". *Howick*, 263 F. 3d at 1066-68.

f) Counsel failed to object to improper expert witness testimony under Federal Rules of Evidence § 704. Counsel provided ineffective assistance by failing to object to testimony that the Bills of Exchange were "fictitious financial instruments" because expert witnesses are prohibited from testifying as to a "legal conclusion", which interfered with the jury's fact-finding process. *United States v. Scholl*, 166 F. 3d 964, 973 (9th Cir. 1999).

g) Counsel failed to object to an erroneous application of the United States Sentencing Guidelines. Courts are to "use the guideline section most applicable to the nature of the offense conduct", and Counsel should have objected to the fraud guidelines because the offense conduct is "more aptly covered" by the tax guidelines. This deficient performance caused prejudice because the tax guidelines would have resulted in a sentence more favorable to Petitioner. *United States v. Aragbaye*, 234 F. 3d 1101, 1105 (9th Cir. 2000).

h) Counsel failed to challenge the sufficiency of the indictment or move for a judgment of acquittal, based on the fact that the necessary element of intent to defraud was not present. If Counsel had been familiar with basic legal principles and done his research, he would have discovered that it was impossible for Petitioner to have intended to deceive the Department of Treasury/IRS with the Bills of Exchange, as they were based on factual and legal misrepresentations, which spoke to the recipient's own conduct. *See Sosa v. DirectTV, Inc.*,437 F. 3d 923, 941 (9th Cir. 2005); *Miller v. Yokohama Corp.*, 358 F. 3d 616, 621 (9th Cir. 2004).

i) Counsel failed to investigate and present a mental state defense. The record shows signs that Petitioner suffers from narcissistic personality disorder, based on the precedent of *United States v. Cohen*, 510 F. 3d 1114 (9th Cir. 2007), and Counsel had notice of sufficient facts to give rise to a duty to investigate Petitioner's mental state, which may have created reasonable doubt as to whether Petitioner had the necessary intent to commit the tax-related crimes.

j)      Counsel failed to move to suppress evidence seized in an executed search warrant based on an affidavit that failed to establish probable cause. The magistrate did not have "sufficient information" in order to make the probable cause determination because the affidavit included mere conclusions and inferences "unsupported by underlying facts", and if Counsel had reviewed the affidavit, the lack of probable cause would have been immediately apparent and prompted a motion to suppress. *Illinois v. Gates*, 462 U.S. 213 (1983); *United States v. Ventresca*, 38 U.S. 102, 108-09 (1965).

k)      Counsel failed to object to perjured testimony and/or move to dismiss based on prosecutorial misconduct. The government intentionally presented the false testimony of witnesses, who received something of value for their perjury, and Counsel should have been aware of prior inconsistent statements by these witnesses and the "reasonable likelihood that the false testimony could have affected the judgment of the jury". *United States v. Agurs*, 427 U.S. 97, 103-104 (1976).

l)      Counsel failed to provide Petitioner with tools to make intelligent decisions regarding his case, sentencing, trial strategy, appeal options, or otherwise.

m)     Counsel failed to conduct any discovery or pretrial investigation, which resulted in a multitude of errors.

n)      Counsel failed to prepare a strategy or effectively cross-examine the prosecution's witnesses and bring inconsistent statements to light, including testimony from extensive civil litigation, or question them on issues that would make the jury doubt their credibility.

o)      Counsel failed to research the law respecting applicable statutes and case law regarding the subject matter of trial, which ultimately led to an inadequate defense.

p)      Counsel failed to object to testimony in the government's case which was irrelevant, immaterial, assumed facts not in evidence, was beyond the scope of expert witnesses, and was hearsay, all of which tended to inculpate Petitioner and paint him in a false and negative light.

q)    Counsel failed to object to the government's vilification of Petitioner during opening and closing statements.

r)    Counsel failed to present any trial defense, and effectively present a defense summation.

s)    Counsel failed to construct or execute any case or trial strategy.

t)    Counsel failed to file a motion to dismiss for STA violations immediately following codefendant, Booth's guilty plea where he agreed to testify against Petitioner.

u)    Counsel failed to object to a variance because evidence introduced at trial showed that the recipient of the Bills of Exchange was the Secretary of Treasury in Ogden, Utah; however, the indictment stated that it was the IRS in Fresno, California.

v)    Counsel failed to admit evidence of a letter from the IRS, received by Petitioner related to his personal taxes, stating that Bills of Exchange were frivolous.

w)    Counsel did not attempt to gain sentencing credit for over twenty-two (22) months of home incarceration or have it stipulated to as part of bond restrictions.

x)    Counsel failed to bring communications to the Court's attention, which clearly shows that Dr. Booth was assisted by an attorney in all transactions since 1999.

y)    Counsel failed to explain to the jury that Petitioner and Acacia Corporate Management, LLC were legally the owners of the Bakersfield Properties.

z)    Counsel failed to object or file motions in limine regarding dozens of alleged letters and memos allegedly written by Petitioner, which were improperly used to give the appearance of "deceitful and dishonest means".

aa)    Counsel failed to object or bring to the jury's attention letters from Attorney John Reedy regarding his request that Petitioner give property back to Dr. Booth after he had accepted the plea agreement.

bb)    Counsel failed to file a Rule 29 Motion  for Judgment of Acquittal based on evidence that Petitioner was advised on all trusts by Attorney Mobley Milam, and the jury instructions specifically prohibited a guilty verdict if Petitioner had received the assistance of counsel.

cc.    Counsel failed to object to the duplicity in counts 5-8 within the indictment, which alleged both presenting false and fictitious financial obligations and aiding and abetting, and further failed to raise the issue in a Rule 29 Motion that the evidence did not support a conviction for presenting false or fictitious instruments under 18 U.S.C. § 514 (a)(2).

dd.    Counsel failed to object and bring to the Court's attention the disparity between Petitioner's sentence of 108 months and Codefendant Booth's sentence of only six (6) month's home confinement.

When reviewed in total, this comprehensive list of failures caused massive prejudice and harm to Petitioner. Each of these claims in their own right is a "substantial question of law or fact" that "have a high probability of success"; however, when viewed in their totality, the cumulative effect of this comprehensive list of failures caused massive prejudice and harm to Petitioner. *See United States v. Tucker*, 716 F.2d 576, 595 (9th Cir. 1983).

In order to make a proper determination of whether these issues meet the standard of being "more than substantial" or "readily apparent from the facts", an in-depth examination of each claim must be made, which can be accomplished by reviewing Petitioner's Memorandum in Support of his § 2255 Motion, incorporated by reference as if fully stated herein. After review of the complete arguments in the § 2255 motion, based on the above allegations of ineffective assistance of counsel, it is clear that Petitioner meets this standard because he has raised "more than substantial" questions of law or fact, which are "readily apparent on the facts". *Calley v. Callaway*, 496 F. 2d 701 (5th Cir. 1974); *Glynn v. Donnelly*, 470 F. 2d 95 (1st Cir. 1972).

5)    <u>Petitioner raises issues that are likely to result in either an order for new trial, reversal or a reduced sentence that is less time than already served plus the expected duration of the appeal process</u>

Once the Court confirms that Petitioner has raised substantial issues of law that are readily apparent from the facts, it will lead to either an order for new trial, a reversal of his conviction, or a reduced sentence that is less than the time already served. At a minimum,

based on the strength of the arguments and supporting facts contained in Petitioner's § 2255 motion, the case will be remanded, which will result in the invalidation of all claims or a new sentence that is less than the twenty-seven (27) months Petitioner has already served in federal detention, in addition to the twenty-two (22) months of home confinement. The review of Petitioner's §2255 motion will not be completed until he has been detained for well over five (5) years, including home confinement. Therefore, this element is satisfied because the Court's ruling on Petitioner's § 2255 will likely result in either an order for new trial, reversal or a reduced sentence that is less time than already served plus the expected duration of the appeal process.

6) Petitioner's circumstance makes his motion for bail exceptional and deserving of special treatment in the interests of justice

Bail motions in the context of a collateral proceeding have the additional requirement of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice". *Aronson v. May*, 85 S. Ct. 3, 5 (1964).

Petitioner has no prior criminal history and has long been an upstanding citizen in his community[2]. He has strong family support and receives multiple visits each month. He has not received one disciplinary complaint while in prison and B.O.P. has classified him as "out-custody" in a facility with no fence because he is seen as such a low-level risk. In all manners, he is professional and docile, without any threat to the community.

In addition to these positive attributes, exceptional circumstances exist because Petitioner has been subjected to severe misconduct by the government, including abuse by federal agents, which was filed as a *Bivens* complaint in Case No. 1:07-000620-AWI-GSA, Eastern District of California, Fresno. The district court did not dismiss the case and found it meritorious enough to continue through discovery and set the case for trial. Most *Bivens* cases are immediately dismissed, and the court's refusal to dismiss the complaint is an exceptional verification that strongly suggests there is something very wrong in the way Petitioner was

investigated, prosecuted, defended, and convicted to a sentence that is 100 times longer than the sentence imposed on his codefendant. Furthermore, Petitioner's due process rights were violated when the prosecution intimidated and encouraged perjured testimony from its witnesses. See Section XIV, Petitioner's Memorandum in Support of § 2255 Motion. This situation also deserves special treatment because Petitioner cannot adequately participate in the litigation of the civil rights lawsuit while incarcerated, and has recently filed a motion to stay proceedings in that case until the § 2255 Motion is filed and he is released on bond according to this Motion.

In addition to these exceptional circumstances, Petitioner's claims involve issues, such as the prosecutorial misconduct, that will most likely take a great deal of time to litigate. In this context, Petitioner must not be compelled to conduct that litigation while incarcerated. While in prison, Petitioner cannot fully participate in his defense because he is substantially restricted from reviewing voluminous relevant discovery documents and conducting necessary research. Moreover, continuing Petitioner's incarceration perpetuates the constitutional violations that led to his incarceration in the first place, and the severity of Counsel's ineffective assistance is enough by itself to qualify as an exceptional circumstance.    Therefore, because of the above exceptional circumstances, Petitioner's case deserves special treatment "in the interests of justice", and this Court should grant Petitioner's release pending resolution of his § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, supported by Petitioner's Memorandum in Support of his §2255 Motion, fully incorporated by reference, Petitioner respectfully requests release on bond, pending resolution of his motion to set aside his conviction pursuant to 28 U.S.C. § 2255.

---

[2] Although Petitioner legally has no criminal history, this Court did categorize Petitioner with a criminal history III for sentencing purposes, due to two (2) misdemeanors related to a twelve-year-old bank foreclosure dispute, which was formally dismissed.

Respectfully submitted this 10th day of December 2014,

By: [signature]
Michael Ioane, Pro-Se

**CERTIFICATE OF SERVICE**

**I, HEREBY CERTIFY that, I have personally hand delivered a true and correct copy of the foregoing document on December 10, 2014 to:**

**U.S. DEPARTMENT OF JUSTICE**

**2500 TULARE STREET, SUITE 4401**

**FRESNO, CA 93721**

**DATED: December 10, 2014** **By:** ______________________

**SHELLY OLSON**

# EXHIBIT A

Case 2:13-cv-00914-GHK-RZ Document 1 Filed 02/07/13 Page 1 of 46 Page ID #:1

MICHAEL S. IOANE 64460-097
USP LOMPOC
Satellite Camp
3705 West Farm Road
Lompoc, CA 93436
(209) 617-6636
(530)

FILED
CLERK, U.S. DISTRICT COURT
FEB - 7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL S. IOANE,
Petitioner,

v.

RICHARD B. IVES,
Respondent.

Case No. CV13-0914 GHK-RZ
Case No. 1:09-cr-00142 LJO

**PRO SE EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS and MOTION FOR PRELIMINARY INJUNCTIVE RELIEF and SUPPORTING MEMORANDUM AND VERIFICATION**

Date:
Time:
Ctrm:

## PETITION FOR WRIT OF HABEAS CORPUS

**The Petitioner, Michael S. Ioane, shows:**

1. Petitioner makes this application for a writ of habeas corpus, seeking the protection of the court, on the grounds that he is unlawfully detained and restrained of his liberty by RICHARD B. IVES, Respondent,

2. Petitioner is now in the custody of the respondent at Lompoc Federal Correctional Complex, in Lompoc, California,

LODGED
CLERK, U.S. DISTRICT COURT
02/07/13
CENTRAL DISTRICT OF CALIFORNIA
BY: sb DEPUTY

3. The cause of pretext of petitioner's detention is the false claim of violation of a bond condition release pending appeal of his criminal conviction in the United States District Court of the Eastern District of California, (Fresno Division), case no. 1:09-cr-00142 LJO.

Petitioner moved the district court for release pending appeal and his motion was denied. He filed an identical motion with the 9th Circuit Court of Appeals, which was granted and remanded to the district court for imposition of conditions of release. Attached and incorporated by this reference as **Exhibit A** is the 9th Circuit Court of Appeals' order, dated March 20, 2012, ordering the release of petitioner pending appeal. Attached and incorporated herein by this reference as **Exhibit B** is the district court's conditions of release on bond.

Attached and incorporated herein by this reference as **Exhibit C** is the District Court's Pretrial Services Violation Petition issued by Jacob M. Scott, Pretrial Services Officer stating that Petitioner had violated two separate conditions of release, i.e. to:

> No. 6: "not promote, manage, consult on, have ownership or management interest in, any trust, corporation, or limited partnership, or access any of the bank accounts held by those entities."

and

> No. 7: "not provide tax or legal advice, not to set up corporations, not to perform any service that requires a license to practice law or possess a C.P.A. license or law license."

The district court held Petitioner violated both of these conditions by, allegedly, writing and advertising a book(s) on the internet, including posting articles on those books. The court further found that Petitioner had posted definitions of a trust, the general requirements of a trust, "promoted" advice regarding the establishment and use of a trust to shield income from the IRS and "promoting" advice regarding the use of "equity stripping" to conceal one's assets, all through posting summaries of his publications; Asset Protection and The Boston Tea Party on the internet, done for the purpose of promoting "asset protection."

Case 2:13-cv-00914-GHK-RZ Document 1 Filed 02/07/13 Page 3 of 18 Page ID #:3

4. This detention and restraint is unlawful because Petitioner did not violate any condition of his release, much less the two conditions cited by pretrial release and the district court. Specifically, the asserted conduct bears no relationship to the prohibited acts listed in the bond conditions, particularly Nos. 6 and 7, set out above.

5. Petitioner has no other remedy for release from his unlawful detention other than this petition for a writ of habeas corpus. If Petitioner sought remedy under the Administrative Procedure Act, his petition remedy would likely be delayed for an extended period of time.

6. No other application for a writ of habeas corpus has previously been made to any other court or judge.

7. Venue is established in this court because the petitioner is physically incarcerated within the territorial district of this court.

## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

8. Petitioner incorporates by reference his Petition for Writ of Habeas Corpus as if fully set forth herein.

9. If Respondent were to order or permit the transfer of Petitioner from the Lompoc Federal Correctional Complex to any other Federal prison facility, it would defeat the jurisdiction of this Court.

10. If Petitioner were so transferred, his right to a speedy remedy would be defeated, and his resulting damage would be irremediable.

11. Petitioner/Movant moves this Court for a Preliminary Injunction of Prohibition, ordering Respondent to not transfer Petitioner, or permit the transfer of Petitioner, to any other location, until further order of this court.

12. Petitioner has no plain, speedy, effective or adequate remedy at law.

13. This Motion is supported by the attached and incorporated Memorandum of Points and Authorities, and the verification of Petitioner.

14. Granting this motion would protect the Constitutional and statutory rights of Petitioner and would visit no damage or unreasonable inconvenience to Respondent.

**PRAYER**

Petitioner prays that;

A. This Court issue a Writ of Habeas Corpus commanding RICHARD B. IVES, Respondent, to produce the body of Petitioner MICHAEL S. IOANE before this court that a time and place to be specified in that writ;

B. This Court conduct a hearing an inquiry into the case of the Petitioner's detention; and

C. Following the hearing, Petitioner be ordered discharged from the detention and restraint described in this application; and

D. That this Court issue a Preliminary Injunction prohibiting and preventing Respondent from transferring or permitting the transfer of Petitioner from Lompoc Federal Correctional Complex to any other location outside the jurisdiction and venue of this Court until he receives further order from this court.

By: *Michael S. Ioane*
Michael S. Ioane, Petitioner

Date: February 6, 2013

## VERIFICATION

State of California )
County of Santa Barbara )

Michael S. Ioane declares,

1. I am Petitioner/Movant in this suit.

2. I have read the petition and motion and every statement in them is true and correct within my personal knowledge. I declare under Penalty of Perjury that the foregoing is true. Executed at Lompoc, California on February 6, 2013.

By: [signature]
Michael S. Ioane, Petitioner

Date: February 6, 2013

Petitioner, Michael S. Ioane, submits the within Memorandum of Points and Authorities in support of his Pro Se Emergency Petition for Writ of Habeas Corpus and Motion for Preliminary Injunctive Relief and Supporting Memorandum and verification.

Case 2:13-cv-00914-GHK-RZ Document 1 Filed 02/07/13 Page 6 of 18 Page ID #:6

EXHIBIT A

FILED

MAR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff - Appellee,<br>v.<br>MICHAEL S. IOANE,<br>Defendant - Appellant. | No. 12-10068<br>D.C. No. 1:09-cr-00142-LJO-3<br>Eastern District of California, Fresno<br>ORDER |

Before: GRABER and N.R. SMITH, Circuit Judges.

Appellant's motion for bail pending appeal is granted. Appellant has shown, by clear and convincing evidence, that appellant is not likely to flee or to pose a danger to the safety of any other person or the community if released. Appellant has also shown that the appeal raises a "substantial question" of law or fact that is "fairly debatable," and that "if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *see also* 18 U.S.C. § 3143(b).

The matter is remanded to the district court for the limited purpose of establishing appropriate conditions of release.

MT/MOATT

The briefing schedule established previously shall remain in effect.

EXHIBIT B

FILED
APR 2 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

# United States District Court

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

MICHAEL S. IOANE

Defendant

AMENDED

## ORDER SETTING CONDITIONS OF RELEASE

Case Number: 1:09 CR 00142 LJO

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified) COURTROOM 4 U.S. DISTRICT COURT, JUDGE O'NEILL (Place) on PENDING APPEAL (Date and Time)

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(   ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ______ dollars ($______) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

WHITE COPY - COURT    YELLOW - DEFENDANT    BLUE - U.S. ATTORNEY    PINK - U.S. MARSHAL    GREEN - PRETRIAL SERVICES

IOANE, Michael
Dkt. No. 09-142 LJO
(Conditions pending appeal)

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

Name of person or organization

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

SIGNED: ______________________________
CUSTODIAN OR PROXY

(X) (7) The defendant shall:

( ) (a) maintain or actively seek employment, and provide proof thereof to the PSO, upon request.

( ) (b) maintain or commence an educational program.

(X) (c) abide by the following restrictions on his personal associations, place of abode, or travel: Reside at a residence approved by the PSO, and not move or be absent from this residence without prior approval of PSO; travel restricted to the Eastern District of CA and the District of Nevada, unless otherwise approved in advance by the Court or Pretrial Services.

(X) (d) The defendant agrees not to conduct any foreign (out of the United States) business, directly or indirectly, of any nature or sort, without the advance knowledge and written permission of either Pretrial Services or the Court.

(X) (e) report on a regular basis to the following agency: Pretrial Services and comply with their rules and regulations.

( ) (f) comply with the following curfew:

( ) (g) refrain from possessing a firearm, destructive device, or other dangerous weapon.

( ) (h) refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner. *However, medical marijuana, prescribed or not, may not be used.*

(X) (i) The defendant agrees not to transfer any monies, directly or indirectly to or from any foreign (out of the United States) accounts or any nature or sort, without the advance written permission of either Pretrial Services or the Court.

(X) (j) be released on a full equity property bond based on the cumulative equity of the aforementioned properties owned by the defendant's families.

(X) (k) the defendant and his wife will provide their financial documents to Pretrial Services, to enforce the additional conditions of release, as directed by the Pretrial Services Officer.

( ) (l) execute a bail bond with solvent sureties in the amount of $

(X) (m) not promote, manage, consult on, have ownership or management interest in any trust, corporation, or limited liability partnerships, or access any of the bank accounts held by those entities.

( ) (n) surrender any passport to the Clerk, United States District Court, prior to your release from custody.

( ) (o) obtain no passport during the pendency of this case.

(X) (p) not provide tax or legal advice, not to set-up corporations, not to perform any service that requires a license to practice law or possess a C.P.A. license or law license.

(X) (q) you may conduct the administration of corporation and articles of corporations.

(X) (r) report in person to the Pretrial Services Agency on the first working day following your release from custody.

(X) (s) participate in one of the following Location Monitoring program of HOME INCARCERATION and abide by all the requirements of the program which will include electronic monitoring or other location verification system. The defendant shall pay all or part of the costs of the program based upon your ability to pay as determined by the PSO. You are restricted to your residence at all times except for medical needs or treatment; religious services, attorney visits, and court appearances must be pre-approved by the PSO. The defendant may be allowed travel between the Eastern District of California and his residence in the District of Nevada, which is at the discretion of Pretrial Services and must be pre-approved in advance by the Pretrial Services Officer.

## Advice of Penalties and Sanctions

TO THE DEFENDANT: MICHAEL S. IDANE 1:09CR00142 LJO

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

By: Mike Idane
Signature of Defendant

Address

City and State Telephone

### Directions to United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: April 2, 2012

Signature of Judicial Officer

Lawrence J. O'Neill, U S Dst Judge
Name and Title of Judicial Officer

WHITE COPY - COURT YELLOW - DEFENDANT BLUE - U.S. ATTORNEY PINK - U.S. MARSHAL GREEN - PRETRIAL SERVICES

**EXHIBIT C**

for the
EASTERN DISTRICT OF CALIFORNIA

**PRETRIAL SERVICES VIOLATION PETITION**

FILED
OCT 12 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

The United States,

-vs-

**Michael Ioane**

**Docket No. 09cr142 LJO**

**COMES NOW** Jacob M. Scott, Pretrial Services Officer of the Court, presenting an official report upon the conduct and attitude of Michael Ioane, who was placed on bond by the Honorable Lawrence J. O'Neill, U.S. District Judge, sitting in the Court at Fresno, California, on the 2nd day of April, 2012, who imposed the general terms and conditions of pretrial supervision theretofore adopted by the Court and also imposed special terms and conditions as follows:

**OFFENSE:** Conspiracy; Tax Evasion and Aiding and Abetting (3 counts); Presenting Fictitious Instrument Purporting to be Actual Security of the United States and Aiding and Abetting (4 counts)

**BOND CONDITIONS:** Please see attached.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On or about July 2, 2012, it is alleged the defendant posted on the internet the definition of a trust, the general requirements of a trust, and types of trusts, indicative of promoting, managing, and consulting the public about the use and establishment of trusts.

Between September 3, 2012 and September 4, 2012, it is alleged the defendant improperly and inappropriately promoted advice regarding the establishment and use of trusts to shield income from the Internal Revenue Service; and, improperly and inappropriately promoted advice regarding the use of equity stripping to conceal one's assets through the posting of summaries of his publication *Asset Protection Manuel* on the internet, all done for the purpose of promoting "asset protection." These allegations are in violation of the defendant's two conditions of release:

**Not promote, manage, consult on, have ownership or management interest in any trust, corporation, or limited liability partnerships, or access any of the bank accounts held by those entities.**

**Not provide tax or legal advice, not to set-up corporations, not to perform any service that requires a license to practice law or possess a C.P.A. license or law license.**

**PRAYING THAT THE COURT WILL ORDER** a bond violation hearing occur on Tuesday, October 16, 2012, at 11:00 a.m.

**LAST KNOWN ADDRESS:** On file with Pretrial Services

**TELEPHONE NUMBER:** On file with Pretrial Services

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Jacob M. Scott
Pretrial Services Officer
DATE: October 12, 2012

## ***ORDER***

_____ *The Court hereby orders a bench warrant be issued for the arrest of said defendant, bail set at $__________.*

_____ *The Court hereby orders this ex parte motion and order be sealed.*

_____ *The Court orders a summons be issued with an appearance date of __________.*

✓ *The Court hereby orders this matter placed on this court's calendar on* Oct 16, 2012*, at* 11:00 *am/pm and orders the Pretrial Services Officer to contact the defendant and/or attorney of record to advise them of said order.*

____ *The Court orders no action be taken.*

*Considered and ordered this 12 day of Oct, 2012, and ordered filed and made a part of the records in the above case.*

*rev. 3/93*

*U.S. Magistrate Judge/U.S. District Judge*

**BOND CONDITIONS:**

On April 2, 2012, the Court ordered the defendant released on the following conditions pending his appeal:

1. You shall be released on a full-equity property bond of no less than a $50,000 (Vaccaro), secured in equity by the aforementioned properties owned by the defendant's family members;

2. You shall report to and comply with the rules and regulations of the Pretrial Services Agency;

3. You shall report in person to the Pretrial Services Agency on the first working day following your release from custody;

4. You shall reside at a residence approved by the Pretrial Services Officer, and not move or absent yourself from this residence without the prior approval of the Pretrial Services Officer;

5. Your travel is restricted to the Eastern District of California and the District of Nevada, unless otherwise approved in advance by the Court or Pretrial Services;

6. You shall not promote, manage, consult on, have ownership or management interest in any trust, corporation, or limited liability partnerships, or access any of the bank accounts held by those entities;

7. You shall not provide tax or legal advice, not to set-up corporations, not to perform any service that requires a license to practice law or possess a C.P.A. license;

8. The defendant and his wife will provide their financial documents to Pretrial Services, to enforce the additional conditions of release, as directed by the Pretrial Services Officer;

9. You may conduct the administration of corporations and articles of corporations; and,

10. Participate in the following Location Monitoring program of **HOME INCARCERATION** and abide by all the requirements of the program which will include electronic monitoring or other location verification system. The defendant shall pay all or part of the costs of the program based upon their ability to pay as determined by the Pretrial Services Officer. You are restricted to your residence at all times except for medical needs or treatment; religious services; attorney visits, and, court appearances pre-approved in advance by the Pretrial Services Officer.

The defendant may be allowed to travel between the Eastern District of California and his residence in the District of Nevada, which is at the discretion of Pretrial Services and must be pre-approved in advance by the Pretrial Services Officer;

11.  The defendant agrees not to transfer any monies, directly or indirectly to or from any foreign (out of the United States) accounts or any nature or sort, without the advance written permission of either Pretrial Services or the Court; and,

12.  The defendant agrees not to conduct any foreign (out of the United States) business, directly or indirectly, of any nature or sort, without the advance knowledge and written permission of either Pretrial Services or the Court.

TO REUSE: Cover or mark through any previous shipping information.

Align top of FedEx Express Shipping Label here.

FedEx Express

FedEx

Instruc
1. Inser
2. Remo
3. Remo
4. Adhe

The Wo

© 2011 FedEx

FedEx Ship Manager - Print Your Label(s)

From: [illegible]
[illegible]
CARSON CITY, NV [illegible]

Origin ID: [illegible]

FedEx Express

E

Ship Date: [illegible]
ActWgt: [illegible]
CAD: [illegible]

Delivery Address Bar Code

SHIP TO: [illegible]
BILL SENDER
CLERK UNITED STATES DISTRICT COURT
ATTENTION: INTAKE/DOCKET SECTION
CENTRAL DISTRICT US COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CA 90012

Ref # [illegible]
Invoice #
PO #
Dept #

THU - 07 FEB A1
PRIORITY OVERNIGHT

TRK# 7940 [illegible]

90012
CA-US
LAX

WZ EMTA

For FedEx Express® Shipments Only

Civil

Align bottom of Peel and Stick Airbill or Pouch here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION
312 North Spring Street, Room G-8 Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

TERRY NAFISI
District Court Executive and Clerk of Court

Thursday, February 07, 2013

MICHAEL S. IOANE #64460-097
USP LOMPOC
3705 WEST FARM ROAD
LOMPOC, CA 93436

Dear Sir/Madam:

Your petition has been filed and assigned civil case number CV13- 914 GHK (RZ)

Upon the submission of your petition, it was noted that the following discrepancies exist:

☐ 1. You did not pay the appropriate filing fee of $5.00. Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety. The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

☐ 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

☐ (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

☐ (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

☐ (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

☐ (d) You did not use the correct form. You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

☐ (e) Other: ________________________________

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

SBOURGEO

By: ____________________

Deputy Clerk

Michael S. Ioane 64460-097
USP LOMPOC
Satellite Camp
3705 West Farm Road
Lompoc, CA 93436
(209) 617-6636

FILED
CLERK, U.S. DISTRICT COURT
FEB - 7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Michael S. Ioane,
Petitioner,

v.

RICHARD B. IVES
Respondent.

Case No.: CV13-0914 GHK - RZ
Case No. 1:09-cr-00142 LJO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRO SE EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND SUPPORTING MEMORANDUM AND VERIFICATION**

Date:
Time:
Ctrm:

Petitioner, Michael S. Ioane, submits the within Memorandum of Points and Authorities in support of his Pro Se Emergency Petition for Habeas Corpus.

## I SUMMARY OF PETITION

Petitioner's release pending appeal was revoked by the district court for violation of conditions, prohibiting him from "promoting" trusts and business entities. The pretrial department's pretrial violation petition alleges Petitioner posted articles to the internet marketing books which contained chapters relating to use of trusts and business entities for business advantages and asset protection.

The District Court set very extreme special conditions of release and in addition required three Vacarro Bonds, securing petitioner's release with trust deeds on three separate parcels of real estate owned by petitioner's adult children.

On October 9, 2012, Petitioner, Michael Ioane, through counsel appeared at a hearing to modify the extreme conditions of release. During that hearing, the Pre-trial officer, Jacob Scott, presented no evidence of any violations of condition since Mr. Ioane's release and in fact recommended that Mr. Ioane's conditions be modified to allow him to work and be on a curfew. The District Court denied the pre-trial officer's recommendation and ordered that the conditions remain as is.

On October 12, 2012, the Pre-trial officer Jacob Scott filed a Pre-Trial Violation Petition, asserting Petitioner violated special conditions of release No. 6 and 7 as follows:

No. 6: On or about July 2, 2012, it is alleged the defendant posted on the internet The definition of a trust, the general requirements of a trust, and types of trusts, indicative of promoting, managing, and consulting the public about the use and establishment of trusts.

No. 7: Between September 3, 2012 and September 4, 2012, it is alleged the defendant improperly and inappropriately promoted advice regarding the establishment and use of trusts to shield income from the Internal Revenue Service; and improperly and inappropriately promoted advice regarding the use of equity stripping to conceal one's assets through the postings of summaries of his publication Asset Protection Manual on the internet, all done for the purpose of promoting "asset protection."

On October 15, 2012, the government filed its motion to remand on the pre-trial violation petition. The Pre-Trial Violation Petition preceded to a hearing on October 22, 2012, the District court held petitioner in violation of special condition No. 6 and 7.

At the hearing on the Pretrial Violation Petition, the court found that Petitioner was personally responsible, directly or indirectly, for the conduct asserted in the petition, and ordered that the Petitioner begin serving his sentence.

# III ARGUMENT

A. **Petitioner Presents a Cognizable Claim**. 28 U.S.C. §2241 requires that petitioner must present a cognizable claim in order to maintain a habeas corpus petition. Petitioner asserts his release pending appeal was revoked on a pretext based primarily on the misinterpretation of the word "promote" as it appears in his conditions of release. It should be noted that the same district court judge imposed and wrote the conditions of release, and also interpreted and construed the meaning of those conditions when the petitioner was held to be in violation. However, the interpretation and construction by the writer does not, and cannot, control the legal effect and meaning of the conditions. Only the canons of legal construction and interpretation control, and the subjective intent of the writer (Judge) are irrelevant to determination of violation of those conditions. *U.S. v Pearson*, 32 F3d 790 (9th Cir 2003). This is only logical and fair. To hold otherwise would require citizens to be mind-readers and to surmise the subjective and undisclosed intent of the Judge. As John Adams stated; "[W]e are a nation of laws and not of men."

Specifically, the conditions petitioner is accused of violating are to:

> No. 6. "not promote, manage, consult on, have ownership or management interest in, any trust, corporation, or limited partnership, or access any of the bank accounts held by those entities."

and

> No. 7. "not provide tax or legal advice, not to set up corporations, not to Perform any service that requires a license to practice law or possess a C.P.A. license or law license."

At the hearing, the court focused on the alleged violation of Condition 6 and avoided discussions of Condition 7. This avoidance of Condition 7 was appropriate because the conduct charged in that condition did not even approximate the conduct prohibited. The following discussion will be limited to the alleged violation(s) of Condition 6.

The Court found that petitioner "promoted" specific entities. In determining the legal meaning of a word (like "promote"), courts are required to first look to any applicable

legal definitions of the word. *U.S. v Havelock*, 664 F3d 1284 (9th Cir. 2012). Petitioner submits there are no legal or specialized definitions (e.g. statutory definitions) for the word "promote" that are applicable to this case. Accordingly, the court is then required to construe the word according to it ordinary meaning. Pearson, id. Condition 6 uses the word "promote" as a verb, and the objects of that word are entities (i.e. trusts, corporations, etc.). In this context, the ordinary meaning of this word is:

"2b: to help bring (as an enterprise) into being: LAUNCH."

Merriam-Webster's Collegiate Dictionary (10th Ed.), Merriam-Webster, Inc., 2002, p. 931, "promote, vt."

Moreover, even if other definitions of this word were applicable (which they are not), then the rule of lenity would apply and restrict the interpretation to the dictionary definition provided above. It has long been held that the rule of lenity requires that when a statute (or order) remains ambiguous after resort to the canons of statutory construction the ambiguity must be interpreted in favor of the criminal defendant. Pearson, id at 91. And the defendant's interpretation need only be reasonable. *Dual Deck v. Motion Picture Assn. of Amer.*, 10 F3d 693 (9th Cir. 1993).

Since petitioner was not accused of "launching," commencing operations, or beginning any business entity, then he did not violate Condition 6 of release. The conduct alleged in the Pretrial Violation Petition all relate to advertising and providing notice of the publication of a book, and of providing samples from the text of that book.

Moreover, canons of statutory construction (applicable to orders) require interpretation consistent with the U.S. Constitution. *Berger v. Seattle*, 569 F.3d. 1029 (9th Cir. 2008). This rule if often times referred to as the "Constitutional Avoidance" rule.Id. In this case, the district court interpreted the word "promote" to mean "advance" or "endorse." In addition to making little sense [Why would one be in favor of a business entity? This would be much like being in favor of gravity.], this interpretation would run afoul of petitioner's first amendment right to free speech.

And it would be disingenuous for the government to assert petitioner waived his first amendment rights by accepting the conditions of the release. Constitutional rights may be waived, but such waiver is required to be knowing and intelligent. *U.S. v. Erskine*, 355 F3d 1161 (2004). A knowing waiver could hardly be premised on an overtly ambiguous term in the conditions of release. *U.S. v. Gonzales-Flores*, 418 F3d. 1093, 1102 (9th Cir. 2005). The district court must indulge every reasonable presumption against waiver of fundamental rights Id.

Finally, it should also be noted that defense counsel specifically questioned the Judge at the release/condition hearing about the meaning and import of Condition 6, and the Judge specifically advised he was prohibiting the a launching and/or formation of business entities. This fact is not raised for purposes of defining the word "promote", because that can only be done by applying the canons of legal interpretation and construction. Pearson, id. Rather, it is raised to demonstrate that if petitioner violated Condition 6 (which he avers he did not) then he was misled by the court's explanation. It is also raised to demonstrate the reasonableness of petitioner's interpretation of condition 6, because it is aligned with the interpretation of a learned jurist. In either case, the rule of lenity should apply. Pearson, id.

One might also understand petitioner's surprise when the Judge changed his interpretation of Condition 6 when revoking his release. This is the basis on which petitioner assets the revoking of his release is based on a "pretext."

B. Petitioner Did Not Waive His Right to Collateral Relief. Petitioner's release was effected by the lodging of three separate Vaccaro Bonds encumbering the real property of two of his adult children. Through counsel, the government threatened to have the court lay claim to either bond and require the sale of either property as a penalty of Petitioner's alleged violations. Upon advice of counsel, Petitioner agreed to sign a "stipulation(s)", prepared by the U.S. Attorney's Office, stipulating to the exoneration of all three bonds in return for Petitioner's promise to not appeal the court's decision in the Violation Hearing. [It should be

noted that the stipulation(s) waived only the right to appeal and did not address collateral attack through habeas corpus proceeding.]

Petitioner anticipates the government will argue that he indirectly and effectively waived his right to collateral attack through application of the Doctrine of Procedural Default:

"The doctrine of procedural default precludes the use of [habeas corpus] to address the claims that could have been raised on appeal." *David v. U.S.*, 417 U.S. 333, 342 (1974).

Petitioner avers that his alleged waiver was void for lack of consideration *U.S. v. Fine*, 975 F2d 596 (9th Cir. 1992). The stipulations(s) entered into between the Petitioner and the government was a contract, much like a plea agreement. Contracts between a criminal defendant and the government are measured by contract law standards under the law where the contract was formed. Fine, id; 1st Options of *Chi v. Kaplan*, 514 U.S. 938, 944 (1995). In this case, the contract(s) was entered into in California. California law requires valuable consideration to support both sides of an agreement. *Biller v. Toyota Motor Corp.*, 668 F.3d 655 (9th Cir.). Absent consideration on both sides, the contract is void.ld.

The threat by the government to divest petitioner's children of all or part of their properties under the Vaccaro bond was highly improper and raises to the level of prosecutorial misconduct. The government knew full well that petitioner had not violated Condition 6 of the Conditions of Release. Its attorneys were present when the conditions were imposed. They were present when the Judge announced his interpretation of Condition 6. They were also present at the revocation hearing and were fully aware of the specific allegations in the Violation Petition. Regardless of the Court's ruling and order, the fact that the petitioner did not violate conditions is an issue on which reasonable minds cannot differ.

Accordingly, the threat to proceed with foreclosure on the Vaccaro Bonds to prevent Petitioner's likely reversal of the court's order on appeal was tantamount to extortion. Under Cal. Civ. code Section 1607 and 1667, a promise to refrain from illegal conduct is unlawful consideration. A contract that includes such a promise as consideration is illegal

and unenforceable. *Nash v. Taylor*, 327 Fed Apprx. 718; 2009 US app Lexis 10404, No. 07-56305 (9th Cir. 2009). Although the government conduct may not have technically risen to the level of a crime, it certainly constitutes prosecutorial misconduct and should be sufficient to void the stipulations containing the waivers.

Accordingly, the giving up of that claim had no value. Although several courts acknowledge the use of Vaccaro bonds to purportedly secure the performance of all conditions of release, few ever discuss the appropriateness of bonding against condition violations other than non-appearance. Many cases that do discuss the appropriateness of Vaccaro Bonds oppose their use and challenge their constitutionality. *United States v. Vaccaro*, 51 F.3d 189 (9th Cir. Nev. 1995). Moreover, there would be no reasonable basis to exercise the Vaccaro Bonds in this case, because no loss occurred to the court, the government or the public on account of petitioner's purported conduct. [It should be noted that petitioner has never been cited for non-appearance.] The purpose of bail is to ensure the defendant's appearance and submission to the judgment of the court, it being assumed the threat of forfeiture of one's goods will be an effective deterrent to temptation to not appear. *Bandy v. U.S.*, 5 L. Ed. 2d 218, 81 S. Ct. 197 (1960). The purpose of bail is to insure that an accused will reappear at a given time by requiring another to assume personal responsibility for him, on penalty of forfeiture of property. *Cohen v. U.S.*, 82 S. Ct. 526 (1962). It has been repeatedly held that the purpose of bail is not punitive, but designed and imposed to secure the presence of a defendant. *U.S. v. Bass*, 573 F2d 258 (CA5 Tex, 1978). And although the Bail Reform Act of 1984 was amended to liberalize bail procedures (at rule 46), the forfeiture provision of Rule 46 was not amended, demonstrating that Congress intended that provision to be unaffected by the Act. *U.S. v. Boothman*, 496 F. Supp 798 (DC Kan 1980).

Since the waiver(s) were void, petitioner had the right to appeal the district court's decision to revoke his release on bond. However, petitioner failed to file his appeal on advice of counsel (based on his discussions with the government) that if he filed an appeal, the government would seek to make a claim on the bond(s) for violation and, at minimum, tie up his children's properties for an extended period of time. Given time to research the

matter, petitioner has determined that the government's threats were without merit and it is highly unlikely the government could have "tied up" the subject real properties for any significant length of time. But, based on these threats, petitioner delayed challenging the court's order beyond the time limit for appeal (waiting for the court to exonerate the bond(s).

A procedural default may be overcome by showing both "cause excusing the procedural default and actual prejudice resulting from the claim of error." *U.S. v. Johnson*, 988 F2d. 941, 945 (9th Cir. 1993). Petitioner has demonstrated both "cause" and "prejudice" herein.

## IV CONCLUSION

For the reasons stated, this court should grant the relief prayed for in Petitioner/Movant's Petition and Motion.

Dated: February 6, 2013

Respectfully submitted,

By: [signature]

Michael S. Ioane
Petitioner/Movant in pro per

# EXHIBIT B

Environmental Compliance Resources, LLC
460 Airpark Road
Atwater, CA 95301
(209) 564-6845

November 26, 2014

To Whom It May Concern,

This letter is to confirm my intentions to hire Mr. Michael Ioane if he is granted release on bond and is allowed to work.

My company is located in Merced County. We have independent contracts with the surrounding cities for the removal of graffiti. I would definitely hire Mr. Ioane if the opportunity presented itself.

Most respectfully,

Paul Creighton
Managing Director of Environmental Compliance Resources, LLC

**OAKLAND CROSSING, LLC**
942 Windemere NW
Salem, Oregon 97304

541-459-3462
925-202-4281

December 8, 2014

To Whom It May Concern,

I, Doug Foust , Managing Member of Oakland Crossing, LLC wish to extend an open invitation to Mike Ioane for employment with our company if he is granted release on bond. I am aware of the facts surrounding Mr. Ioane's case.

I have had acquaintance with Mr. Ioane for about 30 years as a confidant and trusted friend. I feel his skill sets and background would be an asset to our operations and business. Oakland Crossing's main activities include real estate rehabilitation/development projects and Fine Art/Antiquity brokerage.

Should further inquiry be necessary please feel free to call.

Most Sincerely,

Doug Foust
Managing Member